**IT IS ORDERED as set forth below:**



**Date: February 18, 2025**

_____
**James R. Sacca
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **HAYDALE CERAMIC TECHNOLOGIES, LLC.,** | **Case No. 25-20159-jrs** |
| Debtor. | **CONTESTED MATTER** |
| **HAYDALE CERAMIC TECHNOLOGIES, LLC,** Movant. | |
| v. | |
| **Silar Ceramic Technologies, LLC, United States Small Business Administration,** Respondents. | |

**INTERIM ORDER AUTHORIZING DEBTOR TO USE
<u>CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION</u>**

This matter came before the Court on February 11, 2025 for hearing (the "**Preliminary Hearing**") on the Motion of Haydale Ceramic Technologies, LLC.(the "**Debtor**") for Authority

to Use Cash Collateral (the "**Motion**").[1] Upon consideration of the Motion, representations of counsel at the Preliminary Hearing, and all other matters of record, the Court hereby finds:

A. The Debtor filed its petition for relief under chapter 11 of the Bankruptcy Code on February 7, 2025 (the "**Petition Date**"). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor remains in possession of its assets and has continued the operation and management of its business in this chapter 11 case.

B. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2), involving matters under 11 U.S.C. §§ 361 and 363. Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

C. The Debtor asserts that it is allegedly a borrower on a certain loan with Silar Ceramic Technologies ("**SCT**") and the United States Small Business Administration (the "**SBA**"), both of whom assert security interests in certain of the Debtor's personal property.

D. The revenue from the Debtor's business may constitute Cash Collateral as that term is defined in 11 U.S.C. § 363 (the "**Cash Collateral**"). The Debtor believes that SCT and the SBA may assert an interest in the Cash Collateral. The Debtor is not aware of any other creditor asserting an interest in the Cash Collateral.

E. The Debtor asserts that it generates substantially all of its revenue from the operation of its business.

F. The Debtor asserts that it has provided actual notice of the Motion and the relief requested therein to the SCT, the SBA, to each of the Debtor's Twenty Largest Unsecured Creditors, and the United States Trustee.

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

G. The Debtor alleges that an immediate need exists for the Debtor to obtain use of the Cash Collateral to fund critical operations. A schedule of the Debtor's revenues and cash requirements for the 4 weeks following the Petition Date is set forth in the budget (the "**Budget**") attached to the Motion as **Exhibit A**.

H. The Debtor alleges that to preserve the value of its assets, it requires the use of the Cash Collateral in accordance with this Order.

I. Good cause has been shown for the entry of this Order and authorization for the Debtor to use cash collateral pending the final hearing on the Motion pursuant to Bankruptcy Rule 4001(b) (the "**Final Hearing**"). Among other things, entry of this Order will minimize disruption, will increase the possibility for a successful reorganization, and is in the best interests of the Debtor, its creditors, and other parties-in-interest.

Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED:**

1. The Motion is GRANTED on an interim basis. Subject to the terms hereof, this Order is effective immediately.

2. The Debtor is authorized to use Cash Collateral as set forth herein from the date of the entry of this Order through and including the date of the final hearing on the Motion (the "**Interim Period**"). The Interim Period may be extended by further order of the Court.

3. To provide adequate protection for the Debtor's use of the Cash Collateral authorized hereunder, SCT and the SBA, to the extent they hold a valid lien, security interest, or right of setoff as of the Petition Date under applicable law, are hereby granted a valid and properly-perfected lien (the "**Adequate Protection Lien**") on all property acquired by the Debtor after the Petition Date that is the same or similar nature, kind, or character as the SBA's or SCT's respective

pre-petition collateral, except that no such replacement lien shall attach to the proceeds of any avoidance actions under Chapter 5 of the Bankruptcy Code. The Adequate Protection Lien shall be deemed automatically valid and perfected upon entry of this Order.

4. Nothing herein shall be construed as a finding or conclusion that the SBA or SCT or any other party holds a valid security interest, lien, or any interest in any of the Debtor's assets, and all parties' rights with respect to such issues are reserved.

5. This Order is entered without prejudice to the rights of either the SBA or SCT or the Debtor to seek a modification of the terms hereof after notice and a hearing, and without prejudice to the right of Debtor to object to any claim.

6. The Court shall hold a final hearing on the Motion on **March 13, 2025 at 10:30 a.m. in Courtroom 103, United States Courthouse, 121 Spring St., SE, Gainesville, GA 30501** via Judge Sacca's <u>Virtual Hearing Room.</u>[2].

7. The instant Order shall remain valid until such hearing, or any continuation thereof, has been held and a ruling entered.

8. Debtor's counsel shall serve a copy of this Order on all parties-in-interest within three (3) days of entry and promptly thereafter file a certificate of service evidencing the method and manner of service.

### ### END OF ORDER ###

**Prepared and presented by:**

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

---

[2] The link for the Virtual Hearing Room can be found on Judge Sacca's webpage at https://www.ganb.uscourts.gov/content/honorable-james-r-sacca and is best used on a desktop or laptop computer but may be used on a phone or tablet. Participants' devices must have a camera and audio.

*/s/ Will B. Geer*
Will B. Geer, Ga. Bar No. 940943
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wgeer@rlkglaw.com
*Proposed Attorneys for the Debtor*


**Distribution List**

Rountree Leitman Klein & Geer, LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329

Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

## *Haydale Ceramic Technologies, LLC*

*Current Cash Flow - 1 Month View as of 2/6/2025*

| Category | Feb 09 | Feb 16 | Feb 23 | Mar 02 | Mar 09 | Mar 16 |
|---|---|---|---|---|---|---|
| **Receivables (Cash In)** | $35,000.00 | $218,000.00 | $15,000.00 | $18,000.00 | $18,000.00 | $18,000.00 |
| Personnel | $1,250.00 | $57,500.00 | $1,050.00 | $57,500.00 | $1,250.00 | $57,500.00 |
| Pension | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Rent | $0.00 | $0.00 | $0.00 | $44,163.00 | $0.00 | $0.00 |
| Insurance | $0.00 | $0.00 | $0.00 | $26,000.00 | $0.00 | $0.00 |
| Utilities | $10,200.00 | $1,350.00 | $3,500.00 | $1,000.00 | $10,000.00 | $0.00 |
| Freight | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 |
| Supplies & Maint. | $3,250.00 | $3,250.00 | $3,250.00 | $3,250.00 | $3,250.00 | $3,250.00 |
| Subscriptions/Software/Travel | $3,650.00 | $3,650.00 | $3,650.00 | $3,650.00 | $3,650.00 | $3,650.00 |
| SubChaptver V Trustee Escrow | $0.00 | $1,000.00 | | $0.00 | $0.00 | $0.00 |
| Material | $10,500.00 | $75,500.00 | $30,500.00 | $10,500.00 | $75,000.00 | $10,500.00 |
| **Total Expenses** | $33,850.00 | $147,250.00 | $46,950.00 | $151,063.00 | $98,150.00 | $ 79,900.00 |
| Profit/(Loss) | $1,150.00 | $70,750.00 | -$31,950.00 | -$133,063.00 | -$80,150.00 | -$61,900.00 |
| ***Actual Cash at end of Week***   $340,240.24 | $341,390.24 | $412,140.24 | $380,190.24 | $247,127.24 | $166,977.24 | $ 105,077.25 |